PORFIRIO DIAZ v. STATE.

No. 26,322. March 25, 1953.
Appellant's Motion for Rehearing Denied.
(Without Written Opinion) May 6, 1953.

*F. G. Garza,* Edinburg, for appellant.

*Roger Kelley,* Special Prosecutor, Edinburg, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an appeal from a conviction for murder with malice, with punishment assessed at confinement in the penitentiary for a term of thirty-five years.

In view of the record before us, an extended statement of the facts is not deemed called for.

The state's testimony shows an unprovoked and unjustified killing of the deceased, by appellant stabbing him with a knife in the chest and region of the heart.

According to the defensive theory, the killing was in self-defense against the actual as well as the apparent attack of the deceased.

Appellant requested three special charges dealing with the submission of self-defense.

We agree with the notation of the trial court appended thereon that the charges, as requested, were adequately covered in the court's main charge. We fail to observe any material error in the manner in which the trial court submitted the case to the jury in his charge.

Special requested charge #4 was clearly a charge upon the weight of the evidence, and was properly overruled for that reason.

In oral argument before this court, appellant stressed as error the action of the trial court in overruling his motion for a continuance because of the absence of the witness Jose Bazaldua. The record does not reflect that the motion was ever acted upon by the trial court, for there is neither an order of the court overruling the motion nor a formal bill of exception so showing.

Obviously, the question appellant seeks to present relative to the overruling of the motion for continuance is not, therefore, before us.

The matters discussed are those presented by appellant's counsel in oral argument. No brief for the appellant presenting other questions is before us.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.